No. 24-10900

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

X CORP.,
*Plaintiff-Appellee*,
v.
MEDIA MATTERS FOR AMERICA, ERIC HANANOKI,
and ANGELO CARUSONE,
*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of Texas
Case No. 4:23-cv-01175-O

**PLAINTIFF-APPELLEE'S
MOTION TO EXPEDITE APPEAL**

| | |
|---|---|
| JUDD E. STONE II | JOHN C. SULLIVAN |
| CHRISTOPHER D. HILTON | S\|L LAW PLLC |
| ARI CUENIN | 610 Uptown Boulevard |
| MICHAEL R. ABRAMS | Suite 2000 |
| STONE \| HILTON PLLC | Cedar Hill, TX 75104 |
| 600 Congress Ave., Suite 2350 | (469) 523-1351 |
| Austin, TX 78701 | |
| (737) 465-3897 | *Counsel for Plaintiff-Appellee X Corp.* |

Plaintiff-Appellee X Corp. ("X") respectfully requests that the Court expedite its consideration of this appeal. *See* 5th Cir. R. 27.5, 34.5. This is an interlocutory appeal of a discovery order concerning information that X seeks to use in discovery and at trial. Discovery is set to close on December 31, 2024, and trial is currently scheduled for April 7, 2025. In light of those upcoming dates and the importance of the discovery that is the subject of this appeal to X's case, good cause exists for expedition. The parties have conferred, and Defendants do not oppose X's proposed briefing schedule if this appeal is assigned to a January panel. If the case is assigned to a later panel, Defendants request that the current briefing schedule remain in place.

**FACTUAL AND PROCEDURAL BACKGROUND**

X brought claims against Defendants in the Northern District of Texas related to articles they published in November 2023 about X's social media platform that X alleges were false and misleading. In discovery, X sought the production of documents about Defendants' donors and communications with those donors. Such documents, X explained, would refute Defendants' position that the district court lacks jurisdiction and is an improper venue to hear X's claims. And on the merits, Defendants' solicitation of donations from groups or persons hostile to X would supply potential evidence of malice and provide a basis for a factfinder to impose punitive damages.

1

Defendants objected to the production of donor-related documents. On September 27, 2024, the district court granted X's motion to compel, finding that Defendants waived their assertion of First Amendment privilege and alternatively concluding that X had overcome Defendants' asserted associational interests. Defendants moved to appeal the district court's order and for this Court to stay the order pending to appeal.

On October 20, 2024, this Court granted Defendants' motion to stay but noted that the donor information subject to the district court's order and sought by X could "be relevant to X Corp.'s theories." Op. 12. The Court has since issued a briefing notice under which Defendants' opening brief on the substantive appeal is due on December 2, 2024. Meanwhile, the district court's scheduling order sets a discovery cutoff of December 31, 2024, and a trial date of April 7, 2025. The district court has already granted one motion to amend the scheduling order and has indicated it is "unlikely to grant any further continuances." ECF No. 108 at 13.

## ARGUMENT

The Court may expedite an appeal for good cause shown. 5th Cir. R. 27.5. And this Court has repeatedly expedited the consideration of appeals to accommodate an upcoming trial date. *See Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 552 (5th Cir. 2012); *Duffy & McGovern Accommodation Services v. QCI Marine Offshore, Inc.*, 448 F.3d 825, 827 (5th Cir. 2006).

Given the end-of-year discovery deadline and early April trial date, it would be difficult if not impossible for this Court to issue a timely ruling without expediting the appeal. Discovery is set to close on December 31, 2024 (although the parties may extend discovery by agreement), and trial is currently scheduled for April 7, 2025, and both dates are quickly approaching. For X to make any use of the donor information at issue in this appeal, a ruling must be delivered well before trial. Moreover, donor information may also lead to further discoverable information and warrant the issuance of third-party subpoenas, and as noted above, communications with or among donors may themselves be important evidence of malice to be presented at trial. Conversely, an untimely ruling would effectively prohibit X from using the donor information itself or seeking further discoverable information. Ultimately, this would result in a waste of the Court's and the parties' resources on a pyrrhic appeal.

X therefore proposes the following briefing schedule, which would allow the Court to hear argument on this appeal during the Court's January sitting:

- Appellants' Brief due on November 18;
- Appellee's Brief due on December 11; and
- Appellants' Reply Brief due on December 23.

For these reasons, X respectfully requests that the Court expedite this appeal so that it can be heard for argument by a merits panel in January or the first available panel thereafter.

**CONCLUSION**

X's motion for expedited proceedings should be granted.

Dated: October 25, 2024

Respectfully submitted.

*/s/ Judd E. Stone II*
Judd E. Stone II
Christopher D. Hilton
Ari Cuenin
Michael R. Abrams
**STONE | HILTON PLLC**
600 Congress Ave., Ste. 2350
Austin, TX 78701
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L Law PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

# CERTIFICATE OF CONFERENCE

I certify that counsel for Appellee has conferred with counsel for Appellants regarding this motion. Counsel for Appellants requested that Appellants' position be represented as follows: Appellants do not oppose X's proposed briefing schedule if this appeal is assigned to a January panel. If the case is assigned to a later panel, Appellants request that the current briefing schedule remain in place.

*/s/ Michael R. Abrams*
Michael R. Abrams

## CERTIFICATE OF SERVICE

On October 25, 2024, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

*/s/ Judd E. Stone II*
Judd E. Stone II

## CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 711 words, excluding the parts exempted by Federal Rule of Appellate Procedure 27(d)(2). This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Judd E. Stone II*
Judd E. Stone II