## No. 24-10900

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

X CORP.,
*Plaintiff-Appellee,*

v.

MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, and ANGELO
CARUSONE,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of Texas
(Case No. 4:23-cv-01175-O)

## RECORD EXCERPTS OF DEFENDANTS-APPELLANTS
## MEDIA MATTERS FOR AMERICA, ERIC HANANOKI,
## AND ANGELO CARUSONE

*(Counsel listed on following page)*

GIBSON, DUNN &
CRUTCHER LLP
Gregg Costa
811 Main Street, Suite 3000
Houston, TX 77002
T: (346) 718-6649
F: (346) 718-6620
gcosta@gibsondunn.com

Andrew LeGrand
Trey Cox
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com
tcox@gibsondunn.com

Theodore J. Boutrous, Jr.
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

ELIAS LAW GROUP LLP
Abha Khanna
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Aria C. Branch
Christopher D. Dodge
Jacob D. Shelly
Washington, DC 20001
T: (202) 968-4490
F: (202) 986-4498
abranch@elias.law
cdodge@elias.law
jshelly@elias.law

*Counsel for Defendants-
Appellants Media Matters for
America, Angelo Carusone, and
Eric Hananoki*

# **TABLE OF CONTENTS**

**Tab #**                                                                              **ROA**

**1**        Docket Sheet...............................................................ROA.1

**2**        Notice of Appeal  .....................................................ROA.2206

**3**        Order Granting Plaintiff's Motion to Compel
             Production of Donor-Related Documents.........ROA.2148

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that counsel for Appellants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Gregg Costa*
Gregg Costa

# Tab 1

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CIVIL DOCKET FOR CASE #: 4:23-cv-01175-O

X Corp. v Media Matters for America et al
Assigned to: Judge Reed C. O'Connor
Demand: $100,000
 Case in other court:  United States Court of Appeals 5th Circuit,
           24-10900
Cause: 28:1332 Diversity-Other Contract

Date Filed: 11/20/2023
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other Contract
Jurisdiction: Diversity

**Plaintiff**

| **X Corp** | represented by | **John Clay Sullivan** |
|---|---|---|

SlL Law PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
469-523-1351
Fax: 469-613-0891
Email: john.sullivan@the-sl-lawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Alexander Mark Dvorscak**
Stone Hilton PLLC
1115 W Slaughter Ln
Austin, TX 78748
737-465-3897
Email: alex@stonehilton.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Ari Cuenin**
Stone Hilton PLLC
600 Congress Avenue
Suite 2530
Austin, TX 78701
737-465-3897
Email: ari@stonehilton.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher D Hilton**
Stone Hilton PLLC
P. O. Box 150112
Austin, TX 78715
737-465-3897
Email: chris@stonehilton.com
*ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**Cody C Coll**
Stone Hilton PLLC
600 Congress Ave
Suite 2350
Austin, TX 78701
575-626-5356
Email: cody@stonehilton.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Judd E Stone, II**
Stone Hilton, PLLC
600 Congress Avenue
Suite 2350
Austin, TX 78701
737-465-7248
Email: judd@stonehilton.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael Abrams**
Stone Hilton PLLC
600 Congress Avenue
Suite 2350
Austin, TX 78701
737-465-3897
Email: michael@stonehilton.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Media Matters for America**                    represented by    **Andrew Patrick LeGrand**
Gibson Dunn & Crutcher LLP
2001 Ross Avenue
Suite 2100
Dallas, TX 75201
214-698-3100
Email: alegrand@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Abha Khanna**
Elias Law Group LLP
Litigation
1700 Seventh Avenue
Suite 2100
Seattle, WA 98101

206-656-0177
Email: akhanna@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amer S Ahmed**
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-2427
Email: aahmed@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Anne Marie Champion**
Gibson Dunn & Crutcher LLP
200 Park Avenue
Ste 47th Floor
New York, NY 10166
212-351-5361
Email: achampion@gibsondunn.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Aria Branch**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-968-4518
Email: abranch@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Christopher D Dodge**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-987-4928
Email: cdodge@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Daniela Lorenzo**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001

202-968-4550
Email: dlorenzo@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Elena Alejandra Rodriguez Armenta**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-968-4490
Email: erodriguezarmenta@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Elisabeth C. Frost**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-968-4513
Email: efrost@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob D Shelly**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-968-4496
Email: jshelly@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jay P Srinivasan**
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
213-229-7000
Fax: 213-229-7520
*Bar Status: Not Admitted*

**Omeed Alerasool**
Elias Law Group LLP
250 Massachusetts Ave NW
Washington, DC 20001
202-734-7536
Email: oalerasool@elias.law

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Samuel Ward-Packard**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
262-949-0973
Email: swardpackard@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Theodore J Boutrous, Jr**
Gibson Dunn & Crutcher LLP
333 S Grand Ave
Los Angeles, CA 90071-3197
213/229-7000
Email: tboutrous@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Eric Hananoki**                          represented by   **Andrew Patrick LeGrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Abha Khanna**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amer S Ahmed**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Anne Marie Champion**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Aria Branch**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Not Admitted*

**Christopher D Dodge**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Daniela Lorenzo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Elena Alejandra Rodriguez Armenta**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Elisabeth C. Frost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob D Shelly**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jay P Srinivasan**
(See above for address)
*Bar Status: Not Admitted*

**Omeed Alerasool**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Samuel Ward-Packard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Theodore J Boutrous, Jr**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Angelo Carusone**                        represented by  **Andrew Patrick LeGrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Abha Khanna**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amer S Ahmed**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Aria Branch**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Daniela Lorenzo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob D Shelly**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Samuel Ward-Packard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Theodore J Boutrous, Jr**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Movant**

**Darlene Cerezo Swaffar**
*TERMINATED: 11/30/2023*

represented by **Darlene Cerezo Swaffar**
2745 W. Hillsboro Blvd., Suite 1
Deerfield Beach, FL 33442
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2023 | 1 (p.21) | COMPLAINT WITH JURY DEMAND against All Defendants filed by X Corp.. (Filing fee $402; Receipt number ATXNDC-14187784) Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Sullivan, John) (Entered: 11/20/2023) |
| 11/20/2023 | 2 (p.36) | ADDITIONAL ATTACHMENTS to 1 (p.21) Complaint (Civil Case Cover sheet) by Plaintiff X Corp. (Sullivan, John) Modified document title on 11/21/2023 (bdb). (Entered: 11/20/2023) |
| 11/20/2023 | 3 (p.38) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by X Corp.. (Clerk QC note: No affiliate entered in ECF). (Sullivan, John) (Entered: 11/20/2023) |
| 11/20/2023 | 4 (p.40) | New Case Notes: A filing fee has been paid. File to: Judge Pittman. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (bdb) (Entered: 11/21/2023) |
| 11/21/2023 | 5 (p.42) | Summons Issued as to Eric Hananoki, Media Matters for America. (bdb) (Entered: 11/21/2023) |
| 11/28/2023 | 6 (p.46) | Court Request for Recusal: Judge Mark Pittman recused. Pursuant to instruction in Special Order 3-249, the Clerk has reassigned the case to Judge Reed C. O'Connor for all further proceedings. Future filings should indicate the case number as: 4:23-cv-01175-O. (bcr) (Entered: 11/28/2023) |
| 11/28/2023 | 7 (p.47) | New Case Notes: A filing fee has been paid. File to: Judge O Connor. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, |

| | | |
|---|---|---|
| | | they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (bcr) (Entered: 11/28/2023) |
| 11/29/2023 | 8 (p.49) | MOTION to Intervene filed by Darlene Cerezo Swaffar. (Attachments: # 1 (p.21) Exhibit(s) Exhibit 1, # 2 (p.36) Exhibit(s) Exhibit 2, # 3 (p.38) Exhibit(s) Exhibit 3, # 4 (p.40) Exhibit(s) Exhibit 4, # 5 (p.42) Exhibit(s) Exhibit 5) (bdb) (Entered: 11/29/2023) |
| 11/30/2023 | 9 (p.82) | ORDER: It is ORDERED that the Motion to Intervene (ECF No. 8 (p.49) ) should be and is hereby DENIED. (Ordered by Judge Reed C. O'Connor on 11/30/2023) (bdb) (Entered: 11/30/2023) |
| 11/30/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:9. Thu Nov 30 07:43:51 CST 2023 (crt) (Entered: 11/30/2023) |
| 12/18/2023 | 10 (p.86) | STIPULATION *and [Proposed] Order for the Extension of Time to Respond to Complaint* by Eric Hananoki, Media Matters for America. (LeGrand, Andrew) (Entered: 12/18/2023) |
| 12/18/2023 | 11 (p.89) | ORDER: It is ORDERED that Defendants Media Matters for America and Eric Hananoki SHALL answer, move, or otherwise plead in response to Plaintiff X Corp.'s Complaint (ECF No. 1 (p.21) ) in the above-captioned case no later than February 6, 2024. (Ordered by Judge Reed C. O'Connor on 12/18/2023) (bdb) (Entered: 12/19/2023) |
| 12/18/2023 | 12 (p.90) | MEET AND CONFER ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER: Lead counsel for each party and any unrepresented party shall confer as soon as practicable, but in any event no later than January 5, 2024. The Joint Report shall be filed on or before January 19, 2024. (Ordered by Judge Reed C. O'Connor on 12/18/2023) (bdb) (Entered: 12/19/2023) |
| 01/19/2024 | 13 (p.99) | Joint STATUS REPORT filed by X Corp.. (Hilton, Christopher) (Entered: 01/19/2024) |
| 01/22/2024 | 14 (p.108) | SCHEDULING ORDER: Joinder of Parties due by 3/20/2024. Amended Pleadings due by 3/20/2024. Motions due by 8/5/2024. Deadline for mediation is on or before 7/10/2024. Discovery due by 7/29/2024. Pretrial Order due by 12/12/2024. This case is set for trial on this Court's four-week docket beginning January 6, 2025. Counsel and the parties shall be ready for trial on two days' notice at any time during this four-week period. (Ordered by Judge Reed C. O'Connor on 1/22/2024) (bdb) (Entered: 01/22/2024) |
| 01/26/2024 | 15 (p.120) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14344535) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit(s) DC Certificate of Good Standing, # 2 (p.36) Proposed Order)Attorney Elisabeth C. Frost added to party Eric Hananoki(pty:dft), Attorney Elisabeth C. Frost added to party Media Matters for America(pty:dft) (Frost, Elisabeth) (Entered: |

| | | 01/26/2024) |
|---|---|---|
| 01/26/2024 | 16 (p.127) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14344571) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit(s) DC Certificate of Good Standing, # 2 (p.36) Proposed Order)Attorney Aria Branch added to party Eric Hananoki(pty:dft), Attorney Aria Branch added to party Media Matters for America(pty:dft) (Branch, Aria) (Entered: 01/26/2024) |
| 01/26/2024 | 17 (p.133) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14344703) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit(s) DC Certificate of Good Standing, # 2 (p.36) Proposed Order)Attorney Jacob D Shelly added to party Eric Hananoki(pty:dft), Attorney Jacob D Shelly added to party Media Matters for America(pty:dft) (Shelly, Jacob) (Entered: 01/26/2024) |
| 01/26/2024 | 18 (p.139) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14344902) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit(s) DC Certificate of Good Standing, # 2 (p.36) Proposed Order)Attorney Christopher D Dodge added to party Eric Hananoki(pty:dft), Attorney Christopher D Dodge added to party Media Matters for America(pty:dft) (Dodge, Christopher) (Entered: 01/26/2024) |
| 01/26/2024 | 19 (p.145) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14345099) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit(s) NY Certificate of Good Standing, # 2 (p.36) Proposed Order)Attorney Daniela Lorenzo added to party Eric Hananoki(pty:dft), Attorney Daniela Lorenzo added to party Media Matters for America(pty:dft) (Lorenzo, Daniela) (Entered: 01/26/2024) |
| 01/26/2024 | 20 (p.150) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14345163) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit(s) DC Certificate of Good Standing, # 2 (p.36) Proposed Order)Attorney Elena Alejandra Rodriguez Armenta added to party Eric Hananoki(pty:dft), Attorney Elena Alejandra Rodriguez Armenta added to party Media Matters for America(pty:dft) (Rodriguez Armenta, Elena) (Entered: 01/26/2024) |
| 01/26/2024 | 21 (p.155) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14345990) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit(s) WA Certificate of Good Standing, # 2 (p.36) Proposed Order)Attorney Abha Khanna added to party Eric Hananoki(pty:dft), Attorney Abha Khanna added to party Media Matters for America(pty:dft) (Khanna, Abha) (Entered: |

| | | |
|---|---|---|
| | | 01/26/2024) |
| 01/26/2024 | 22 (p.160) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14346114) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit(s) DC Certificate of Good Standing, # 2 (p.36) Proposed Order)Attorney Omeed Alerasool added to party Eric Hananoki(pty:dft), Attorney Omeed Alerasool added to party Media Matters for America(pty:dft) (Alerasool, Omeed) (Entered: 01/26/2024) |
| 01/31/2024 | 23 | ELECTRONIC ORDER granting 15 (p.120) Application for Admission Pro Hac Vice of Elisabeth C. Frost. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/31/2024) (chmb) (Entered: 01/31/2024) |
| 01/31/2024 | 24 | ELECTRONIC ORDER granting 16 (p.127) Application for Admission Pro Hac Vice of Aria C. Branch. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/31/2024) (chmb) (Entered: 01/31/2024) |
| 01/31/2024 | 25 | ELECTRONIC ORDER granting 17 (p.133) Application for Admission Pro Hac Vice of Jacob D. Shelly. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/31/2024) (chmb) (Entered: 01/31/2024) |
| 01/31/2024 | 26 | ELECTRONIC ORDER granting 18 (p.139) Application for Admission Pro Hac Vice of Christopher D. Dodge. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/31/2024) (chmb) (Entered: 01/31/2024) |
| 01/31/2024 | 27 | ELECTRONIC ORDER granting 19 (p.145) Application for Admission Pro Hac Vice of Daniela Lorenzo. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/31/2024) (chmb) (Entered: 01/31/2024) |
| 01/31/2024 | 28 | ELECTRONIC ORDER granting 20 (p.150) Application for Admission Pro Hac Vice of Elena Rodriguez Armenta. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/31/2024) (chmb) |

| | | |
|---|---|---|
| | | (Entered: 01/31/2024) |
| 01/31/2024 | 29 | ELECTRONIC ORDER granting 21 (p.155) Application for Admission Pro Hac Vice of Abha Khanna. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/31/2024) (chmb) (Entered: 01/31/2024) |
| 01/31/2024 | 30 | ELECTRONIC ORDER granting 22 (p.160) Application for Admission Pro Hac Vice of Omeed Alerasool. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/31/2024) (chmb) (Entered: 01/31/2024) |
| 02/06/2024 | 31 (p.166) | MOTION to Dismiss for Lack of Jurisdiction , *Improper Venue, and Failure to State a Claim* filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Proposed Order) (LeGrand, Andrew) (Entered: 02/06/2024) |
| 02/06/2024 | 32 (p.170) | Brief/Memorandum in Support filed by Eric Hananoki, Media Matters for America re 31 (p.166) MOTION to Dismiss for Lack of Jurisdiction , *Improper Venue, and Failure to State a Claim* (LeGrand, Andrew) (Entered: 02/06/2024) |
| 02/06/2024 | 33 (p.203) | Appendix in Support filed by Eric Hananoki, Media Matters for America re 31 (p.166) MOTION to Dismiss for Lack of Jurisdiction , *Improper Venue, and Failure to State a Claim*, 32 (p.170) Brief/Memorandum in Support of Motion (LeGrand, Andrew) (Entered: 02/06/2024) |
| 02/06/2024 | 34 (p.215) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Eric Hananoki, Media Matters for America. (Clerk QC note: No affiliate entered in ECF). (LeGrand, Andrew) (Entered: 02/06/2024) |
| 02/20/2024 | 35 (p.218) | MOTION to Stay *Discovery Pending Ruling on Defendants' Motion to Dismiss* filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Proposed Order) (LeGrand, Andrew) (Entered: 02/20/2024) |
| 02/20/2024 | 36 (p.230) | Appendix in Support filed by Eric Hananoki, Media Matters for America re 35 (p.218) MOTION to Stay *Discovery Pending Ruling on Defendants' Motion to Dismiss* (LeGrand, Andrew) (Entered: 02/20/2024) |
| 02/27/2024 | 37 (p.246) | AMENDED COMPLAINT WITH JURY DEMAND *First Amended Complaint* against All Defendants filed by X Corp.. Summons(es) not requested at this time. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk |

| | | |
|---|---|---|
| | | will notify the presiding judge. (Hilton, Christopher) (Entered: 02/27/2024) |
| 02/27/2024 | 38 (p.273) | RESPONSE filed by X Corp. re: 31 (p.166) MOTION to Dismiss for Lack of Jurisdiction , *Improper Venue, and Failure to State a Claim* (Hilton, Christopher) (Entered: 02/27/2024) |
| 02/28/2024 | 39 (p.276) | ORDER: It is ORDERED that Defendants' Motion to Dismiss (ECF No. 31 (p.166) ) should be and is hereby DENIED for mootness. It is further ORDERED that Defendants' Motion to Stay Discovery (ECF No. 35 (p.218) ) should be and is hereby DENIED for mootness. (Ordered by Judge Reed C. O'Connor on 2/28/2024) (saw) (Entered: 02/28/2024) |
| 03/08/2024 | 40 (p.278) | MOTION to Dismiss *for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim* filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Proposed Order)Attorney Andrew Patrick LeGrand added to party Angelo Carusone(pty:dft) (LeGrand, Andrew) (Entered: 03/08/2024) |
| 03/08/2024 | 41 (p.282) | Brief/Memorandum in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 40 (p.278) MOTION to Dismiss *for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim* (LeGrand, Andrew) (Entered: 03/08/2024) |
| 03/08/2024 | 42 (p.316) | Appendix in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 41 (p.282) Brief/Memorandum in Support of Motion, 40 (p.278) MOTION to Dismiss *for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim* (LeGrand, Andrew) (Entered: 03/08/2024) |
| 03/11/2024 | 43 (p.332) | MOTION to Stay *Discovery Pending Ruling on Defendants' Motion to Dismiss (Renewed)* filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Proposed Order) (LeGrand, Andrew) (Entered: 03/11/2024) |
| 03/11/2024 | 44 (p.344) | Appendix in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 43 (p.332) MOTION to Stay *Discovery Pending Ruling on Defendants' Motion to Dismiss (Renewed)* (LeGrand, Andrew) (Entered: 03/11/2024) |
| 03/29/2024 | 45 (p.370) | RESPONSE filed by X Corp. re: 40 (p.278) MOTION to Dismiss *for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim* (Hilton, Christopher) (Entered: 03/29/2024) |
| 04/01/2024 | 46 (p.404) | RESPONSE filed by X Corp. re: 43 (p.332) MOTION to Stay *Discovery Pending Ruling on Defendants' Motion to Dismiss (Renewed)* (Attachments: # 1 (p.21) Proposed Order) (Hilton, Christopher) (Entered: 04/01/2024) |
| 04/05/2024 | 47 (p.418) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Amer S. Ahmed (Filing fee $100; Receipt number ATXNDC-14521115) filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) |

| | | |
|---|---|---|
| | | Certificate of Good Standing) (LeGrand, Andrew) (Entered: 04/05/2024) |
| 04/08/2024 | 48 (p.424) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Anne Champion (Filing fee $100; Receipt number ATXNDC-14523092) filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Certificate of Good Standing) (LeGrand, Andrew) (Entered: 04/08/2024) |
| 04/09/2024 | 49 | ELECTRONIC ORDER granting 47 (p.418) Application for Admission Pro Hac Vice of Amer S. Ahmed. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 4/9/2024) (chmb) (Entered: 04/09/2024) |
| 04/09/2024 | 50 | ELECTRONIC ORDER granting 48 (p.424) Application for Admission Pro Hac Vice of Anne Champion. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 4/9/2024) (chmb) (Entered: 04/09/2024) |
| 04/12/2024 | 51 (p.430) | REPLY filed by Angelo Carusone, Eric Hananoki, Media Matters for America re: 40 (p.278) MOTION to Dismiss *for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim* (LeGrand, Andrew) (Entered: 04/12/2024) |
| 04/15/2024 | 52 (p.446) | REPLY filed by Angelo Carusone, Eric Hananoki, Media Matters for America re: 43 (p.332) MOTION to Stay *Discovery Pending Ruling on Defendants' Motion to Dismiss (Renewed)* (LeGrand, Andrew) (Entered: 04/15/2024) |
| 04/15/2024 | 53 (p.458) | Appendix in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 52 (p.446) Reply *in Support of Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss* (LeGrand, Andrew) (Entered: 04/15/2024) |
| 04/26/2024 | 54 (p.552) | ORDER denying 43 (p.332) Motion to Stay (Ordered by Judge Reed C. O'Connor on 4/26/2024) (Judge Reed C. O'Connor) (Main Document 54 replaced on 5/1/2024) (bdb). (Entered: 04/26/2024) |
| 04/29/2024 | 55 (p.568) | NOTICE of Attorney Appearance by Alexander Mark Dvorscak on behalf of X Corp.. (Filer confirms contact info in ECF is current.) (Dvorscak, Alexander) (Entered: 04/29/2024) |
| 04/29/2024 | 56 (p.570) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14579174) filed by Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Certificate of Good Standing) (Boutrous, Theodore) (Entered: 04/29/2024) |

| | | |
|---|---|---|
| 04/30/2024 | 57 | ELECTRONIC ORDER granting 56 (p.570) Application for Admission Pro Hac Vice of Theodore J Boutrous. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 4/30/2024) (chmb) (Entered: 04/30/2024) |
| 04/30/2024 | 58 (p.576) | NOTICE of Attorney Appearance by Cody C Coll on behalf of X Corp.. (Filer confirms contact info in ECF is current.) (Coll, Cody) (Entered: 04/30/2024) |
| 05/24/2024 | 59 (p.578) | MOTION to Compel *Production of Documents* filed by X Corp. (Attachments: # 1 (p.21) Proposed Order) (Hilton, Christopher) (Entered: 05/24/2024) |
| 05/24/2024 | 60 (p.584) | Brief/Memorandum in Support filed by X Corp. re 59 (p.578) MOTION to Compel *Production of Documents* (Attachments: # 1 (p.21) Exhibit(s) Appendix of Exhibits) (Hilton, Christopher) (Entered: 05/24/2024) |
| 05/25/2024 | 61 (p.783) | Counsel should evaluate their respective positions related to this discovery dispute in light of Dondi Properties. After doing so, Defendants shall respond to those disputes that remain later than May 29, 2024. Plaintiff shall reply no later than May 31, 2024. ORDER deferring ruling on 59 (p.578) Motion to Compel (Ordered by Judge Reed C. O'Connor on 5/25/2024) (chmb) (Entered: 05/25/2024) |
| 05/29/2024 | 62 (p.784) | RESPONSE filed by Angelo Carusone, Eric Hananoki, Media Matters for America re: 59 (p.578) MOTION to Compel *Production of Documents* (Attachments: # 1 (p.21) Declaration of Andrew LeGrand) (LeGrand, Andrew) (Entered: 05/29/2024) |
| 05/29/2024 | 63 (p.816) | Appendix in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 62 (p.784) Response/Objection *to Plaintiffs' Motion to Compel Production of Documents* (LeGrand, Andrew) (Entered: 05/29/2024) |
| 05/31/2024 | 64 (p.962) | REPLY filed by X Corp. re: 59 (p.578) MOTION to Compel *Production of Documents* (Attachments: # 1 (p.21) Proposed Order) (Hilton, Christopher) (Entered: 05/31/2024) |
| 06/06/2024 | 65 (p.978) | ORDER: After due consideration the Court finds that the 59 (p.578) Motion should be GRANTED in part and DENIED in part. (See Order for specifics.) Responses due by 6/14/2024. (Ordered by Judge Reed C. O'Connor on 6/6/2024) (jnp) (Entered: 06/06/2024) |
| 06/10/2024 | 66 (p.981) | Joint MOTION to Amend/Correct *Scheduling Order* filed by X Corp., Media Matters for America, Eric Hananoki, and Angelo Carusone. (Attachments: # 1 (p.21) Proposed Order) (Hilton, Christopher) Modified filers on 6/13/2024 (jnp). (Entered: 06/10/2024) |
| 06/12/2024 | 67 (p.988) | |

| | | |
|---|---|---|
| | | STIPULATION *and Order for the Exchange and Production of Electronically Stored Information* by X Corp., Media Matters for America, Eric Hananoki, and Angelo Carusone. (Hilton, Christopher) Modified filers on 6/13/2024 (jnp). (Entered: 06/12/2024) |
| 06/12/2024 | 68 (p.1004) | STIPULATION *and Order for the Exchange of Privilege Logs* by X Corp., Media Matters for America, Eric Hananoki, and Angelo Carusone. (Hilton, Christopher) Modified filers on 6/13/2024 (jnp). (Entered: 06/12/2024) |
| 06/13/2024 | 69 (p.1009) | ORDER: Recognizing the volume and complexity of ongoing document discovery, as well as the anticipated depositions and expert discovery, the Court finds good cause to GRANT in part the 66 (p.981) Motion to the extent possible based on the Court's calendar. However, the Court DENIES the request to extend deadlines in this case, including the trial date, by a full eight months absent a sufficient showing of good cause for such an extension. Accordingly, the Court MODIFIES the schedule in this matter as follows: Discovery due by 12/31/2024. Deadline for mediation is on or before 11/27/2024. Motions due by 12/9/2024. Pretrial Order due by 3/13/2025. Jury Trial set for 4/7/2025. Settlement Conference set for 3/24/2025. (Ordered by Judge Reed C. O'Connor on 6/13/2024) (jnp) (Entered: 06/13/2024) |
| 06/13/2024 | 70 (p.1011) | STIPULATION *on Protective Order* by X Corp., Media Matters for America, Eric Hananoki, and Angelo Carusone. (Hilton, Christopher) Modified filers and event to motion on 6/14/2024 (jnp). (Entered: 06/13/2024) |
| 06/13/2024 | 71 (p.1022) | ADDITIONAL ATTACHMENTS to 70 (p.1011) Stipulation by Plaintiff X Corp.. (Hilton, Christopher) (Entered: 06/13/2024) |
| 06/14/2024 | 72 (p.1024) | ORDER denying 70 (p.1011) : Before the Court is the parties' Stipulation on Protective Order (ECF No. 70 (p.1011) ), filed June 13, 2024. Accordingly, the Court DENIES the parties' motion. (Ordered by Judge Reed C. O'Connor on 6/14/2024) (wxc) (Entered: 06/14/2024) |
| 06/17/2024 | 73 (p.1026) | MOTION to Compel *Corrected Certificate of Interested Persons* filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Proposed Order) (LeGrand, Andrew) (Entered: 06/17/2024) |
| 06/17/2024 | 74 (p.1030) | Brief/Memorandum in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 73 (p.1026) MOTION to Compel *Corrected Certificate of Interested Persons* (Attachments: # 1 (p.21) Ex. A, # 2 (p.36) Ex. B, # 3 (p.38) Ex. C, # 4 (p.40) Ex. D, # 5 (p.42) Ex. E, # 6 (p.46) Ex. F, # 7 (p.47) Ex. G, # 8 (p.49) Ex. H, # 9 (p.82) Ex. I, # 10 (p.86) Ex. J, # 11 (p.89) Ex. K, # 12 (p.90) Ex. L, # 13 (p.99) Ex. M, # 14 (p.108) Ex. N, # 15 (p.120) Ex. O, # 16 (p.127) Ex. P, # 17 (p.133) Ex. Q, # 18 (p.139) Ex. R) (LeGrand, Andrew) (Entered: 06/17/2024) |
| 06/17/2024 | 75 (p.1248) | |

| | | |
|---|---|---|
| | | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14701153) filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Certificate of Good Standing, # 2 (p.36) Proposed Order) (Ward-Packard, Samuel) (Entered: 06/17/2024) |
| 06/18/2024 | 76 | ELECTRONIC ORDER granting 75 (p.1248) Application for Admission Pro Hac Vice of Samuel Ward-Packard. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 6/18/2024) (chmb) (Entered: 06/18/2024) |
| 06/28/2024 | 77 (p.1254) | NOTICE of *Service of Privilege Log* filed by Angelo Carusone, Eric Hananoki, Media Matters for America (LeGrand, Andrew) (Entered: 06/28/2024) |
| 07/08/2024 | 78 (p.1256) | RESPONSE filed by X Corp. re: 73 (p.1026) MOTION to Compel *Corrected Certificate of Interested Persons* (Attachments: # 1 (p.21) Exhibit(s)) (Hilton, Christopher) (Entered: 07/08/2024) |
| 07/22/2024 | 79 (p.1283) | REPLY filed by Angelo Carusone, Eric Hananoki, Media Matters for America re: 73 (p.1026) MOTION to Compel *Corrected Certificate of Interested Persons* (Attachments: # 1 (p.21) Exhibit(s) Reply Exhibit A, # 2 (p.36) Exhibit(s) Reply Exhibit B, # 3 (p.38) Exhibit(s) Reply Exhibit C) (LeGrand, Andrew) (Entered: 07/22/2024) |
| 08/02/2024 | 80 (p.1310) | NOTICE of Attorney Appearance by Michael Abrams on behalf of X Corp.. (Filer confirms contact info in ECF is current.) (Abrams, Michael) (Entered: 08/02/2024) |
| 08/16/2024 | 81 (p.1312) | MEMORANDUM OPINION AND ORDER: The Court DENIES Defendants' Motion to Compel Corrected Certificate of Interested Persons (ECF No. 73 (p.1026) ). Based on the foregoing, Plaintiff SHALL file its motion for attorney's fees. (see order for specifics) (Ordered by Judge Reed C. O'Connor on 8/16/2024) (bdb) (Entered: 08/16/2024) |
| 08/29/2024 | 82 (p.1320) | ORDER: Because the Court has personal jurisdiction over Defendants, venue is proper, and Plaintiff has properly pled its claims, Defendants' 40 (p.278) Motion to Dismiss is DENIED. (Ordered by Judge Reed C. O'Connor on 8/29/2024) (jnp) (Entered: 08/29/2024) |
| 08/30/2024 | 83 (p.1336) | MOTION to Compel *Production of Donor-Related Documents* filed by X Corp (Attachments: # 1 (p.21) Proposed Order) (Hilton, Christopher) (Entered: 08/30/2024) |
| 08/30/2024 | 84 (p.1340) | Brief/Memorandum in Support filed by X Corp re 83 (p.1336) MOTION to Compel *Production of Donor-Related Documents* (Hilton, Christopher) (Entered: 08/30/2024) |

| 08/30/2024 | 85 (p.1364) | Appendix in Support filed by X Corp re 84 (p.1340) Brief/Memorandum in Support of Motion *to Compel Production of Donor-Related Documents* (Hilton, Christopher) (Entered: 08/30/2024) |
|---|---|---|
| 08/30/2024 | 86 (p.1578) | ORDER deferring ruling on 83 (p.1336) Motion to Compel and setting briefing schedule. (Ordered by Judge Reed C. O'Connor on 8/30/2024) (Judge Reed C. O'Connor) (Entered: 08/30/2024) |
| 09/06/2024 | 87 (p.1579) | RESPONSE filed by Angelo Carusone, Eric Hananoki, Media Matters for America re: 83 (p.1336) MOTION to Compel *Production of Donor-Related Documents* (Attachments: # 1 (p.21) Declaration of Angelo Carusone, # 2 (p.36) Proposed Order) (LeGrand, Andrew) (Entered: 09/06/2024) |
| 09/06/2024 | 88 (p.1617) | Appendix in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 87 (p.1579) Response/Objection *to Plaintiff's Motion to Compel Production of Donor Related Documents* (LeGrand, Andrew) (Entered: 09/06/2024) |
| 09/06/2024 | 89 (p.1685) | ADDITIONAL ATTACHMENTS to 87 (p.1579) Response/Objection by Defendants Angelo Carusone, Eric Hananoki, Media Matters for America. (Attachments: # 1 (p.21) Exhibit(s) A, # 2 (p.36) Exhibit(s) B, # 3 (p.38) Exhibit(s) C (Placeholder for Audio File), # 4 (p.40) Exhibit(s) D (Placeholder for Audio File)) (LeGrand, Andrew) (Entered: 09/06/2024) |
| 09/09/2024 | 90 (p.1697) | Received USB drive re: 89 (p.1685) Additional Attachments to Main Document filed by Angelo Carusone, Eric Hananoki, Media Matters for America. Item placed in Clerk's office under separate cover. (jnp) (Entered: 09/09/2024) |
| 09/11/2024 | 91 (p.1702) | REPLY filed by X Corp re: 83 (p.1336) MOTION to Compel *Production of Donor-Related Documents* (Hilton, Christopher) (Entered: 09/11/2024) |
| 09/12/2024 | 92 (p.1718) | ANSWER to 37 (p.246) Amended Complaint,, filed by Angelo Carusone, Eric Hananoki, Media Matters for America. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here:  Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (LeGrand, Andrew) (Entered: 09/12/2024) |
| 09/20/2024 | 93 (p.1737) | MOTION to Certify an Immediate Appeal re 82 (p.1320) Order on Motion to Dismiss, filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Ex. A - Hananoki Declaration, # 2 (p.36) Proposed Order) (LeGrand, Andrew) (Entered: 09/20/2024) |
| 09/20/2024 | 94 (p.1756) | |

| | | Brief/Memorandum in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 93 (p.1737) MOTION to Certify an Immediate Appeal re 82 (p.1320) Order on Motion to Dismiss, (LeGrand, Andrew) (Entered: 09/20/2024) |
|---|---|---|
| 09/24/2024 | 95 (p.1785) | MOTION to Compel *Production of Documents Withheld Under Texas Press Shield Law* filed by X Corp (Attachments: # 1 (p.21) Proposed Order) (Hilton, Christopher) (Entered: 09/24/2024) |
| 09/24/2024 | 96 (p.1789) | Brief/Memorandum in Support filed by X Corp re 95 (p.1785) MOTION to Compel *Production of Documents Withheld Under Texas Press Shield Law* (Hilton, Christopher) (Entered: 09/24/2024) |
| 09/24/2024 | 97 (p.1808) | Appendix in Support filed by X Corp re 96 (p.1789) Brief/Memorandum in Support of Motion *to Compel Production of Documents Withheld Under Texas Press Shield Law* (Hilton, Christopher) (Entered: 09/24/2024) |
| 09/27/2024 | 98 (p.2148) | ORDER: Because Defendants have waived their qualified privilege, Plaintiff's 83 (p.1336) Motion to Compel is GRANTED. Irrespective of waiver, Plaintiff overcomes the qualified First Amendment privilege. Accordingly, Defendants SHALL conduct the previously required search for documents responsive to RFPs 17, 18, 21, and 35 and SHALL PROVIDE all documents in its care, custody, or control responsive to RFPs 17, 18, 21, and 35 no later than October 7, 2024. (Ordered by Judge Reed C. O'Connor on 9/27/2024) (jnp) (Entered: 09/27/2024) |
| 10/01/2024 | 99 (p.2170) | Emergency MOTION to Stay re 98 (p.2148) Order on Motion to Compel,, filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Proposed Order) (LeGrand, Andrew) (Entered: 10/01/2024) |
| 10/01/2024 | 100 (p.2174) | Brief/Memorandum in Support filed by Angelo Carusone, Eric Hananoki, Media Matters for America re 99 (p.2170) Emergency MOTION to Stay re 98 (p.2148) Order on Motion to Compel,, (LeGrand, Andrew) (Entered: 10/01/2024) |
| 10/01/2024 | 101 (p.2206) | NOTICE OF INTERLOCUTORY APPEAL as to 98 (p.2148) Order on Motion to Compel,, to the Fifth Circuit by Angelo Carusone, Eric Hananoki, Media Matters for America. Filing fee $605, receipt number ATXNDC-14957688. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (LeGrand, Andrew) (Entered: |

| | | |
|---|---|---|
| | | 10/01/2024) |
| 10/01/2024 | 102 (p.2209) | ORDER: Before the Court is Defendants' Motion to Stay Order to Compel (ECF No. 99 (p.2170) ), filed October 1, 2024. To permit the Court to expeditiously resolve this dispute, Plaintiff is directed to respond no later than October 3, 2024, at 5 p.m. CST. Defendants shall reply no later than October 4, 2024, at 5 p.m. (Ordered by Judge Reed C. O'Connor on 10/1/2024) (jnp) (Entered: 10/01/2024) |
| 10/03/2024 | 103 (p.2210) | USCA Case Number 24-10900 in United States Court of Appeals 5th Circuit for 101 (p.2206) Notice of Appeal, filed by Angelo Carusone, Media Matters for America, Eric Hananoki. (tle) (Entered: 10/03/2024) |
| 10/03/2024 | 104 (p.2214) | NOTICE of *Defendants' Filing of Appellate Motion For Administrative Stay and Motion to Stay Pending Appeal* filed by Angelo Carusone, Eric Hananoki, Media Matters for America (Attachments: # 1 (p.21) Exhibit A, # 2 (p.36) Exhibit B) (LeGrand, Andrew) (Entered: 10/03/2024) |
| 10/03/2024 | 105 (p.2261) | RESPONSE filed by X Corp re: 99 (p.2170) Emergency MOTION to Stay re 98 (p.2148) Order on Motion to Compel,, (Hilton, Christopher) (Entered: 10/03/2024) |
| 10/03/2024 | 106 (p.2280) | ORDER granting in part and denying in part 99 (p.2170) Motion to Stay. See order. (Ordered by Judge Reed C. O'Connor on 10/3/2024) (Judge Reed C. O'Connor) (Entered: 10/03/2024) |
| 10/04/2024 | 107 (p.2281) | REPLY filed by Angelo Carusone, Eric Hananoki, Media Matters for America re: 99 (p.2170) Emergency MOTION to Stay re 98 (p.2148) Order on Motion to Compel,, (LeGrand, Andrew) (Entered: 10/04/2024) |
| 10/07/2024 | 108 (p.2297) | ORDER: The Court DENIES Defendants' Motion to Stay Order to Compel (ECF No. 99 (p.2170) ). The Court, however, stays this case while Defendants seek the emergency relief they have filed to give the Fifth Circuit time to consider the request (Ordered by Judge Reed C. O'Connor on 10/7/2024) (bdb) (Entered: 10/07/2024) |
| 10/08/2024 | 109 (p.2311) | Request for Copy of Docket Sheet by Robert M. Allensworth with deputy clerk response. (Attachments: # 1 (p.21) Additional Page(s) Deputy Clerk's Response) (jnp) (Main Document 109 replaced on 10/10/2024) (jnp). (Entered: 10/10/2024) |
| 10/11/2024 | 110 (p.2315) | RESPONSE filed by X Corp re: 93 (p.1737) MOTION to Certify an Immediate Appeal re 82 (p.1320) Order on Motion to Dismiss, (Hilton, Christopher) (Entered: 10/11/2024) |

# Tab 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **X CORP.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 4:23-cv-01175-O** |
| **MEDIA MATTERS FOR AMERICA, et al.,** | |
| **Defendants.** | |

**NOTICE OF APPEAL**

Notice is hereby given that Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone appeal to the U.S. Court of Appeals for the Fifth Circuit from this Court's September 27, 2024 order compelling the production and disclosure of documents Defendants contend are privileged under the First Amendment, *see* Doc. 98.

Dated: October 1, 2024.

Respectfully submitted,
*/s/ Andrew LeGrand*

1

24-10900.2206

GIBSON, DUNN & CRUTCHER LLP
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.* (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

ELIAS LAW GROUP LLP
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Aria C. Branch* (DC 1014541)
Christopher D. Dodge* (DC 90011587)
Jacob D. Shelly* (DC 90010127)
250 Massachusetts Avenue NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 986-4498
abranch@elias.law
cdodge@elias.law
jshelly@elias.law
swardpackard@elias.law

* Admitted *pro hac vice*

*Counsel for Defendants Media Matters for America, Angelo Carusone, and Eric Hananoki*

24-10900.2207

## CERTIFICATE OF SERVICE

On October 1, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*
Andrew LeGrand

24-10900.2208

# Tab 3

## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-01175-O** |
| | § | |
| **MEDIA MATTERS FOR AMERICA, et al.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel, brief in support, and appendix (ECF Nos. 83–85); Defendants' Response, appendix, and additional attachments in opposition (ECF Nos. 87–89); and Plaintiff's Reply (ECF No. 91). After reviewing the motion, brief in support, response, and reply, the Court finds the following Requests for Production ("RFP") 17, 18, 21, and 35 remain in dispute based on the briefing. For the following reasons, the Court finds that the Motion should be **GRANTED**.

## I.    BACKGROUND[1]

On November 20, 2023, X Corp. ("Plaintiff" or "X") brought this action against Media Matters, Eric Hananoki, and Angelo Carusone (collectively, "Defendants") for interference with contract, business disparagement, and interference with prospective economic advantage. Plaintiff alleges that Defendants knowingly and maliciously fabricated side-by-side images of various advertisers' posts on Plaintiff's social media platform, X, depicted next to neo-Nazi or other

---

[1] Unless otherwise indicated, the Court's recitation of the facts is taken from Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 37.

24-10900.2148

extremist content, and portrayed these designed images as if they were what the average user experiences on X. Plaintiff asserts that Defendants proceeded with this course of action in an effort to deceptively portray X as a social media platform dominated by neo-Nazism and anti-Semitism, and thereby alienate major advertisers, publishers, and users from X, intending to harm it.

The parties previously presented a discovery dispute for resolution. The Court granted in part and denied in part the issues presented in that discovery dispute.[2] At that time, the Court deferred ruling on requests for production numbers 17, 18, 21, and 35 and the accompanying First Amendment privilege concerns "until such a protocol is established and responsive documents have been identified."[3] The Court ordered Defendants to log any responsive documents as privileged and deliver the privilege log to Plaintiff no later than June 14, 2024.[4] Once these steps were completed, the parties could pursue a motion to compel, if needed. These issues remain in dispute and are now presented by Plaintiff's instant motion.

## II.    LEGAL STANDARDS

### A.  Discovery Objections

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The Rule provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A party must assert privilege explicitly and in detail, avoiding boilerplate privilege assertions. FED. R. CIV. P. 26(b)(5)(A)(i)–(ii). "[A] privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the

---

[2] June 6, 2024, Order, ECF No. 65.

[3] *Id.* at 2.

[4] *Id.*

24-10900.2149

privilege claim." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (alteration in original) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982)).

Federal Rule of Civil Procedure 37 controls motions to compel discovery or disclosure. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37. After a party has attempted in good faith to obtain discovery without court action, Rule 37 allows a motion to compel when a party fails to answer or respond to a request for production under Rule 34, provided such discovery requests are within the scope of Rule 26(b). FED. R. CIV. P 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A response to a Rule 34 request "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" for each item or category. FED. R. CIV. P.34(b)(2)(B). The 2015 revision of the Federal Rules precludes the use of boilerplate objections. *See* FED. R. CIV. P. 26(b) advisory committee's notes to 2015 amendment.

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). The failure to make an explicit, timely objection based on privilege waives the objection. 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L MARCUS, FEDERAL PRACTICE AND PROCEDURES § 2213 (3d ed. 2024). "Even where the responding party has timely served some objections to a Rule 34(a) request, this waiver extends to any grounds not

stated in a timely objection." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 283–84 (N.D. Tex. 2017) (citing FED. R. CIV. P. 34(b)(2)(B)).

When a party withholding documents "fail[s] to provide a privilege log" and "fail[s] to properly substantiate [its] objections by submitting evidence necessary to sustain its burden of proof to [its] objections," privilege is waived. *Johnston v. Transocean Offshore Deepwater Drilling, Inc.*, No. CV 18-491, 2019 WL 1558040, at *2 (E.D. La. Apr. 10, 2019); *see also Rogge v. Bandera Falls Prop. Owner's Ass'n*, No. SA-07-CA-996-OLG, 2009 WL 10713559, at *3 (W.D. Tex. Aug. 11, 2009) (stating that "[f]ailure to provide a privilege log" supporting generalized or catch-all privilege objections waives a privilege claim). Waiver is also warranted when parties disregard a court order. *See Janvey v. Alguire*, No. 3:09-CV-724-N-BQ, 2018 WL 11362638, at *6 (N.D. Tex. Oct. 17, 2018) (Bryant, M.J.) (observing that a finding of waiver is especially warranted when a party opposing discovery has acted with "unjustified delay, inexcusable conduct, or bad faith" (citation and internal quotation marks omitted)). The failure to maintain an objection throughout the duration of a discovery dispute, including in response to a motion to compel, may constitute waiver of the argument. *E.g.*, *Garcia v. Padilla,* No. 2:15-CV-735-FtM-29CM, 2016 WL 881143, at *3 (M.D. Fla. Mar. 8, 2016); *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n.8 (D. Kan. 2004).

## B.  First Amendment Privilege

The First Amendment serves as a brake on governmental power. The First Amendment reads, "*Congress shall make no law* respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST.

amend. I (emphasis added). The "guarantees of free speech and equal protection guard only against encroachment by the government and 'erec[t] no shield against merely private conduct.'" *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 566 (1995) (alteration in original) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). "[T]here is no 'state action' to be found in the mere filing of a private civil tort action in state court." *Henry v. First Nat. Bank of Clarksdale*, 444 F.2d 1300, 1312 (5th Cir. 1971).

The First Amendment provides a qualified privilege from the disclosure of information concerning certain activities protected by the First Amendment's freedom of speech and association. *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460 (1958); *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 610–11 (2021). Courts examine First Amendment qualified privilege claims under the "exacting scrutiny" standard, which is "triggered by 'state action.'" *Bonta*, 594 U.S. at 616 (quoting *NAACP*, 357 U.S. at 460). To determine whether withholding is appropriate, courts apply a burden-shifting test that "balances the interest in disclosure against the burden imposed on associational rights." *Young Conservatives of Tex. Found. v. Univ. of N. Tex.*, No. 4:20-CV-973-SDJ, 2022 WL 2901007, at *3 (E.D. Tex. Jan. 11, 2022); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1160–61 (9th Cir. 2010). Although the Fifth Circuit has not adopted this specific balancing test employed in other circuits, it has suggested that a balancing test is appropriate to analyze the qualified privilege. *See Hastings v. N. E. Indep. Sch. Dist.*, 615 F.2d 628, 631–32 (5th Cir. 1980); *Whole Woman's Health v. Smith*, 896 F.3d 362, 372–74 (5th Cir. 2018).

The first step involves analyzing whether the party opposing discovery has made a *prima facie* showing of arguable First Amendment infringement. *Perry*, 591 F.3d at 1160. This is a light burden. *See Christ Covenant Church v. Town of Sw. Ranches*, No. 07-60516-CIV, 2008 WL

2686860, at *6 (S.D. Fla. June 29, 2008). To make such a showing, the party withholding documents must demonstrate a reasonable probability that disclosure of the information may expose its "members to economic reprisal, loss of employment, threat of physical coercion, [or] other manifestations of public hostility." *Hastings*, 615 F.2d at 631 (quoting *NAACP*, 357 U.S. at 462). The proof may include "specific evidence of past or present harassment of members due to their associational ties, or of harassment directed against the organization itself." *Buckley v. Valeo*, 424 U.S. 1, 74, (1976) (per curiam).

After the *prima facie* showing is made, the burden then shifts to the party seeking discovery to show "an interest in obtaining the disclosures . . . which is sufficient to justify the deterrent effect which . . . these disclosures may well have." *Hastings*, 615 F.2d at 632 (quoting *NAACP*, 357 U.S. at 463). Ultimately, the Court must balance "the potential chilling effect on associational rights" against the "significance of the interest in disclosure to determine whether that interest outweighs the harm." *Young Conservatives of Tex. Found.*, 2022 WL 2901007, at *3.

## III.    ANALYSIS

### A.  Defendants Waived their Objection.

Plaintiff argues that Defendants waived their First Amendment privilege. The Court agrees that Defendants' refusal to comply with the Court's June 6, 2024 Order, failure to produce a privilege log, and failure to specifically raise their First Amendment privilege in the Second Amended Responses and Objections—together and on their own—warrant waiver.

First, and most egregious, Defendants plainly ignored this Court's Order by refusing to search for and log documents responsive to RFP Nos. 17, 18, 21, and 35. Defendants do not dispute the Court ordered them "to log any responsive documents" to RFP Nos. 17, 18, 21, and 35 "as

24-10900.2153

privileged and deliver" a privilege log "to Plaintiff no later than June 14, 2024."[5] But Defendants refused to follow the order.

Defendants admit that "as of the date of its first privilege log, [Media Matters] had not identified any donor-related documents that it was withholding based on privilege" and asserted it was not "separately searching for donor-related documents."[6] Defendants' admitted refusal to even search for responsive documents as ordered to do so demonstrates waiver. Defendants cannot escape the consequence of waiver because of their agreement to produce privilege logs on a rolling basis. There is no indication Defendants needed extra time to search and log documents beyond the ordered or agreed upon time. Instead, they have refused to conduct any search. Accordingly, Defendants' privilege objection is waived. *See Janvey*, 2018 WL 11362638, at *6 (Bryant, M.J.) (observing that a finding of waiver is especially warranted when a party opposing discovery has acted with "unjustified delay, inexcusable conduct, [or] bad faith" (citation and internal quotation marks omitted)).

The Court concludes that Defendants' refusal to even search for responsive documents constitutes waiver because their conduct is unwarranted and wholly unjustified. In their briefing, Defendants do not explain why they refused to search for and log responsive documents they believe to be privileged. Defendants did not ask for reconsideration of the Court's Order requiring them to "log responsive documents" and "deliver" the privilege log to Plaintiff.[7] Nor did Defendants ask for an extension of the deadline to comply with the Court's Order. Even now, Defendants do not argue that the *act of searching* for responsive documents violates their First

---

[5] June 6, 2024, Order 2, ECF No. 65; Defs.' Resp. Opp., 4, ECF No. 87.
[6] Defs.' Resp. Opp., 7 & 7 n.3, ECF No. 87; *see also* Pl.'s App. 176, 179, ECF No. 85 (email from A. Khanna dated July 24, 2024, July 30, 2024); Order 2, June 6, 2024, ECF No. 65.
[7] June 6, 2024, Order 2, ECF No. 65.

Amendment privilege. And no identified case involving First Amendment privilege supports Defendants' decision to refuse to search for responsive documents.

In *Whole Woman's Health v. Smith*, a case Defendants rely on for a different proposition, the Texas Bishops subject to a third-party subpoena maintained their First Amendment objection, yet still conducted a search for responsive documents. 896 F.3d at 366–67 (5th Cir. 2018). Through their searches, the Texas Bishops uncovered over 6,000 pages of records and ultimately turned over 4,321 pages of those records to the plaintiffs. *Id.* at 366. Unlike the Texas Bishops, Defendants here refused to conduct an independent search altogether. In fact, Defendants acknowledge in their email exchange with Plaintiff that they have "refus[ed] to independently *search* for donor related documents" and that the parties "agree that that the privileged status of donor-related documents is ripe for the Court's resolution."[8] However, privilege does not operate in this manner. A party cannot "refus[e] to independently *search*"[9] for responsive documents and still maintain privilege. Defendants' disregard for the Court Order undermines this Court's ability to fully analyze the disputed documents. Accordingly, the Court finds Defendants have waived this privilege.

Second, apart from the Court's order, waiver is warranted because Defendants did not produce a privilege log adequately describing the documents as required by Rule 26. This failure constitutes waiver in its own right. When a withholding party "fail[s] to provide a privilege log" and "fail[s] to properly substantiate [its] objections by submitting evidence necessary to sustain its burden of proof to [its] objections," privilege is waived. *Johnston*, 2019 WL 1558040, at *2. To preserve a privilege claim, Defendants had to "provide sufficient information to permit courts and other parties to 'test[] the merits of' the privilege claim." *BDO*, 876 F.3d at 697 (alteration in

---

[8] Pl.'s App. 176, ECF No. 87 (email from A. Khanna dated July 30, 2024) (emphasis in original).
[9] *Id.*

original) (quoting *El Paso Co.*, 682 F.2d at 541). Here, Defendants did not produce the privilege log at all, which is insufficient to preserve the privilege.

A privilege log is more important in the context of the First Amendment privilege since it is a qualified privilege. The Rule 26 requirement to "*describe the nature of the documents*, communications, or tangible things not produced or disclosed" applies to *absolute* privileges. FED. R. CIV. P. 26(b); *see also* FED. R. CIV. P. 26(b) advisory committee's notes to 1993 amendment ("To withhold materials without such notice is contrary to the rule . . . and may be viewed as a waiver of the privilege or protection."). This requirement is even more critical for a qualified privilege that requires the Court to balance competing interests.[10]

Third and finally, in the operative set of objections—Defendants' Second Amended Responses and Objections—Defendants do not assert their First Amendment argument and thus waive it. Rule 26(b)(5)(A) requires the party claiming a privilege to "(i) *expressly make the claim*; and (ii) *describe the nature of the documents*, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A) (emphases added). When the withholding party fails to comply with Rule 26(b)(5), the Fifth Circuit has found that all assertions of privilege or other protections against the requested discovery have been waived. *See United States v. Fluitt*, 99 F.4th 753, 763–64 (5th Cir. 2024) ("The magistrate judge did not abuse her discretion in holding [the] privilege logs failed to adequately substantiate their assertions of privilege" when the privilege logs did "not provide a description for the documents/emails to explain why each should be protected from disclosure") (citation and internal quotation marks omitted); *see also BDO*, 876 F.3d at 697 ("Continual failure to adhere to Rule 26's prescription

---

[10] *Infra* Section III.C.

may result in waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith.").

Defendants claim their objections "explicitly identified the First Amendment privilege"— but that is not the case.[11] Defendants did not reassert their privilege claim in the Second Amended Responses and Objections. For example, in response to Plaintiff's RFP 17, Defendants say:

> **OBJECTIONS:** Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information "of any kind" that is immaterial or unrelated to any of Plaintiff's tort claims, to any computation of damages, or to any of Defendants' defenses. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."). Moreover, disclosure of donor identifying information can lead to donors being harassed for and deterred from affiliating with organizations they support. Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear about that anyone funding that organization, will be, we will pursue them". Plaintiff's request for this information is inappropriate and not proportional to the needs of this case."

(footnotes omitted).[12] Defendants provided an identical objection to RFP 18.[13] Defendants' objections to RFPs 21 and 35 also lack an explicit First Amendment privilege claim:

> **OBJECTIONS:** Defendants object to this Request as harassing. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as

---

[11] Defs.' Resp. Opp., 7, ECF No. 87.
[12] Pl.'s App. 201–02, ECF No. 85.
[13] *Id.* at 203–04.

Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."). Disclosure of donor identifying information can lead to donors being harassed for and deterred from affiliating with organizations they support. Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear about that anyone funding that organization, will be, we will pursue them". Plaintiff's request for this information is inappropriate and not proportional to the needs of this case.

(footnotes omitted).[14]

Critically, Defendants amended their original objections after "conferr[ing] among counsel" because Plaintiff argued the first set of objections were vague and generalized.[15] Thus, in responding to the characterization that the objections were "generalized," Defendants specified that they are relying on the above-quoted grounds to object.[16] But Defendants neither provided the amended objections as a supplement to the first set of objections nor did they incorporate the previous objections. Similar to amended complaints, amended objections supersede the first objection, that is, they became the operative objections. *See Stewart v. City of Hous. Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010) ("[A]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Defendants' failure to reassert the First Amendment privilege is clear when contrasted with their original objection to RFP 17, which said "Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and **associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First**

---

[14] *Id.* at 205–06, 129–30.
[15] *Id.* at 87.
[16] Defs.' Resp. Opp., 4, ECF No. 87.

**Amendment speech and associational rights.**"[17] In context, Plaintiff complained that it did not know what First Amendment theory Defendants relied upon—free-speech, free-press rights of journalists, or free-association rights of organizations. In response, Defendants amended their objections to *expressly* assert the requests were "overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case."[18] Moreover, Defendants could not maintain their First Amendment objection in good faith since they refused to even search for the documents. A party cannot identify and describe a responsive but privilege document without searching for and obtaining it. As a result, they must rely on their preserved arguments, which do not involve the First Amendment.

The Court acknowledges this is a close call because Defendants raised *an* objection, but it is not the First Amendment associational privilege claim before the Court today. Instead, Defendants expressly objected that the RFPs were "overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case."[19] But insofar as they are not reasserted or relied upon in Defendants' response, these objections are "deemed abandoned." *Garcia*, 2016 WL 881143, at *3 (M.D. Fla. Mar. 8, 2016) ("Objections timely asserted in a party's initial response to discovery requests but not reasserted or argued in response to a motion to compel are deemed abandoned."). Defendants' response focuses primarily on the First Amendment, which includes arguments about the potential for harassment and relevance. These arguments are pertinent to the general harassment objection, which were asserted in the amended objections.[20] The Court considers these objections and, as explained in Section III.C., the

---

[17] Pl.'s App. 47, ECF No. 85 (emphasis added).
[18] *Supra* notes 12, 14.
[19] *Id.*
[20] *See* Defs.' Resp. Opp., 14–20, ECF No. 87.

requested documents are discoverable and the protective order already in place protects Defendants from public disclosure and harassment. Thus, these objections are overruled.

Thus, finding waiver of privilege here is especially warranted given that Defendants have waived any applicable First Amendment privilege on these three independent bases. Accordingly, Plaintiff's Motion to Compel on these bases is **GRANTED**.

### B.  The First Amendment Privilege Likely Applies.

Irrespective of the issue of waiver, Plaintiff argues the First Amendment privilege does not apply because this case lacks the requisite state action. The First Amendment ordinarily does not apply in disputes between private parties wholly disconnected from state action. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 804 (2019) ("The First Amendment constrains governmental actors."). Put another way, the First Amendment privilege, from its standard to its application, hinges on state action. The exacting scrutiny standard requires "a substantial relation between the disclosure requirement and a sufficiently important governmental interest." *Doe v. Reed*, 561 U.S. 186, 196 (2010) (citation omitted). As the Supreme Court recently reiterated, "[s]uch scrutiny . . . is appropriate given the 'deterrent effect on the exercise of First Amendment rights' that arises as an 'inevitable result of the *government's conduct* in requiring disclosure.'" *Bonta*, 594 U.S. at 607 (quoting *Buckley*, 424 U.S. at 65) (emphasis added).

Plaintiff argues any attempt to reclassify the Federal Rules as state action, or courts as state actors, under the First Amendment is foreclosed by Fifth Circuit precedent rejecting the argument that court action constitutes state action. *See Henry*, 444 F.2d at 1312 (5th Cir. 1971) ("[T]here is no 'state action' to be found in the mere filing of a private civil tort action in state court."). There is appeal to this contention because from the Supreme Court's first recognition of the First

Amendment privilege in *NAACP v. Alabama ex rel. Patterson*, to its most recent discussion in *Americans for Prosperity Foundation v. Bonta*, state action has been clearly present.

The Supreme Court also recently reiterated, "[i]n such [First Amendment cases], it is 'the application of state power which we are asked to scrutinize.'" *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 188 (2024) (quoting *NAACP*, 357 U.S. at 463). Moreover, to prove a First Amendment violation, the party must prove that the government, not a private party, suppressed a First Amendment right. *See Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024) ("[T]he plaintiffs must show a substantial risk that, in the near future, at least one platform will restrict the speech of at least one plaintiff in response to the actions of at least one Government defendant."). This distinction is important because: "If, for constitutional purposes, every private right were transformed into governmental action by the mere fact of court enforcement of it, the distinction between private and governmental action would be obliterated." *Sharp Corp. v. Hisense USA Corp.*, 292 F. Supp. 3d 157, 176 (D.D.C. 2017) (quoting *Edwards v. Habib*, 397 F.2d 687, 691 (D.C. Cir. 1968)).

These principles appear in the Supreme Court's consideration of this issue. In *NAACP* the state action was clear because the "Attorney General of Alabama brought an equity suit . . . to enjoin the Association from conducting further activities within, and to oust it from, the State" after the NAACP failed to comply with Alabama law that required them "to reveal to the State's Attorney General the names and addresses of all its Alabama members and agents." 375 U.S. at 451–52. Similarly, in *Bonta*, the question before the Supreme Court was the constitutionality of a California state law that required charitable organizations to "disclose to the [California] Attorney General's Office the identities of their major donors." 594 U.S. at 600–01. In *Doe* the state action

was undeniable because the Washington Public Records Act required, upon request, disclosure of referendum signature information. 561 U.S. at 190–191.

Defendants counter that case law demonstrates that the First Amendment privilege applies to discovery disputes between private parties. Citing to the Tenth Circuit in *In re Motor Fuel Temperature Sales Practices Litigation,* Defendants argue circuit courts extended the First Amendment qualified privilege to a discovery dispute involving only private parties. 641 F.3d 470, 481 (10th Cir. 2011). The Tenth Circuit noted "that the First Amendment privilege applies to the district court's discovery order" appeared to be an extension of the privilege, writing that "no court has directly considered its application . . . in a lawsuit between private parties." *Id*. It relied on dicta from a previous Tenth Circuit case which held a district court failed to consider the plaintiff's First Amendment qualified privilege in connection with a discovery dispute. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987).

Neither *In re Motor Fuel* nor *Grandbouche* explain how the privilege recognized in *NAACP*—where there was clear state action—applies when a court refereeing a discovery dispute between private parties is identified as the state actor. Instead, *In re Motor Fuel* did not even conduct the balancing test required in analyzing the associational privilege because the appellant did not establish its prima facie case. 641 F.3d at 489–92.

Further, *Grandbouche*'s reliance on *Shelly v. Kraemer*—cited as a see also without any explanation—is wholly unclear as to its application. *Id*. at 1466 (citing 334 U.S. at 14–15). And the Tenth Circuit's reliance on *Shelly* is questionable since the Supreme Court has warned lower courts about the dangers of expanding the state-action doctrine. *See Manhattan Cmty. Access Corp*, 587 U.S. at 818 ("Expanding the state-action doctrine beyond its traditional boundaries would expand governmental control while restricting individual liberty and private enterprise.")

In *Perry*, another case cited by Defendants, the plaintiff seeking disclosure was not a state actor. Even though the court claims "the evidentiary burden shifts to the plaintiffs to demonstrate a sufficient need for the discovery to counterbalance that infringement," *Perry* does not analyze how the court adjudicating this dispute constitutes state action. 591 F.3d at 1164.

While it may be because *Perry* includes the unique circumstance of private individuals defending the constitutionality of a state ballot amendment, the court never says as much. And when implementing the balancing test, *Perry* omitted "government" from the quote "we 'balance the burdens imposed on individuals and associations against the significance of the government interest in disclosure.'" *Id.* at 1161 (alteration removed) (citing *AFL–CIO v. FEC*, 333 F.3d 168, 176 (D.C.Cir.2003)). It is unclear therefore on what basis *Perry* and other cases have applied *NAACP*'s clear instruction that it is the "application of state power which [the Court is] asked to scrutinize" in balancing the parties' respective interests. *NAACP*, 357 U.S. at 463.

To this point, Plaintiff has made an arguable claim that there is no state action in a discovery dispute between private parties as the cases Defendants rely on fail to squarely address what state action a court is to balance. But, in *Whole Woman's Health*, another case Defendants rely on, the Fifth Circuit seemingly did, when discussing RFRA's compelling interest. 896 F.3d at 371. When the Texas Bishops appealed a third-party subpoena, their grounds included "free exercise, freedom of speech, freedom of assembly, and freedom of petition guarantees of the First Amendment, that it violated the Religious Freedom Restoration Act ("RFRA"), and that it was unduly burdensome under Fed. Rule Civ. Pro. 45(d)." 896 F.3d 366. The circuit discussed the application of the First Amendment qualified privilege to the discovery dispute between those private parties. While it ultimately invoked the rule of constitutional avoidance and determined that the dispute could be

resolved pursuant to the Federal Rules of Civil Procedure, in doing so, it explained the issues involved in resolving a discovery dispute between private parties impacting constitutional rights.

On the issue of state action, the court in *Whole Woman's Health* wrote that the government interest includes the litigant's desire to use the court to obtain the privileged information. *Whole Woman's Health*, 896 F.3d at 371 ("As for the government's (*i.e.*, the court's or litigant's using the court) compelling need and least restrictive means, they are not satisfied merely because the Federal Rules ordinarily authorize broad discovery."). By way of analogy, if "government's . . . compelling need" is "the court's or litigant's using the court" under the RFRA compelling interest analysis, the same ought to be true for the First Amendment associational privilege analysis. *Id.*

The take away in the Fifth Circuit then is that a private party's invocation of court authority to obtain information that may be constitutionally protected is the requisite state action. And that party's need, or interest, is what the court must balance in evaluating the First Amendment consideration. Accordingly, the Court rejects Plaintiff's argument that the First Amendment cannot apply because there is no state action.

### C.  Plaintiff Overcomes any First Amendment Privilege.

Applying the balancing test for the First Amendment qualified privilege to the facts of this case shows Plaintiff overcomes the qualified privilege. X has shown "an interest in obtaining the disclosures . . . which is sufficient to justify the deterrent effect which . . . these disclosures may well have." *Hastings*, 615 F.2d at 632 (alteration in original) (citation omitted).

The Court first looks at whether Defendants have made a *prima facie* case of arguable First Amendment infringement. *Perry*, 591 F.3d at 1160; *Bright Response, LLC*, 2009 WL 10741629, at *1. "Exacting scrutiny is triggered by 'state action which *may* have the effect of curtailing the

freedom to associate,' and by the '*possible* deterrent effect' of disclosure." *Bonta*, 594 U.S. at 616 (emphasis in original) (quoting *NAACP*, 357 U.S. at 460–61). Defendants satisfy their burden of showing the potential for infringement. Defendants provide examples of public hostility directed at the organization sufficient to shift the burden.[21] *See Christ Covenant Church*, 2008 WL 2686860, at *7 (finding evidence of hostility against plaintiff and its members was sufficient to make *prima facie* showing).

Having established a *prima facie* showing, the burden then shifts to Plaintiff. Courts have considered, among other things, the following factors to balance the competing interests: the importance of the information sought to the issues in the case, the substantiality of the First Amendment interests at stake, the availability of the information from alternative sources, and whether the request is carefully tailored to avoid unnecessary interference with protected activities. *Perry*, 591 F.3d at 1161.

Plaintiff requests Media Matters' donor lists and financial information for the following reasons: "(1) to see how Defendants have availed themselves of Texas; (2) to see how Defendants funded their tortious conduct; and (3) to see if they are profiting or seeking to improve their financial condition from their disparagement."[22] As explained below, Plaintiff's RFPs sufficiently overcome any potential "deterrent effect[s]" on Defendants' associational rights. *Hastings*, 615 F.2d at 632 (citation omitted).

Regarding the importance of the information sought to the issues in the case, X has made a compelling argument that the documents requested sufficiently overcome any associational burden. Plaintiff requests donor related documents, particularly ones that are demonstrative of Defendants' mental state, which is relevant to the essential elements of its claims and to show

---

[21] Defs.' Additional Exs., ECF No. 89.
[22] Pl.'s Br. Supp. 14, ECF No. 84.

24-10900.2165

punitive damages.[23] Requests related to Defendants' mental state "go[] to the 'heart of the matter,'" and Plaintiff is significantly burdened without the documents. *Schiller v. City of New York*, 2006 WL 3592547, *6 (S.D.N.Y. Dec. 6, 2006) (quoting *Anderson v. Hale*, No. 00 C 2021, 2001 WL 503045, *4 (N.D. Ill. May 10, 2001)).

These documents may serve as proof of Defendants mental state, an essential element of Plaintiff's claims. To prevail on a tortious interference with contract claim, Plaintiff must prove a "willful and intentional act of interference with the contract." *Nix v. Major League Baseball*, 62 F.4th 920, 934 (5th Cir.) (quoting *Prudential Ins. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000)), *cert. denied*, 144 S. Ct. 165 (2023). For Plaintiff's business disparagement claim, it must prove "false and disparaging information" was published "with malice." *Vendever LLC v. Intermatic Mfg. Ltd.*, No. 3:11-CV-201-B, 2011 WL 4346324, at *4 (N.D. Tex. Sept. 16, 2011) (quoting *Forbes v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003)). The requests are therefore important to the essential elements of Plaintiff's claims.

Additionally, Plaintiff's claim for punitive damages would not be better exemplified than through Defendants' profiting off the alleged manipulation of X's social media platform, if they have done so. In a related context, the Supreme Court in *Herbert v. Lando* did not recognize an absolute First Amendment press privilege preventing discovery to determine actual malice. 441 U.S. 153 (1979). Summed up by the Fifth Circuit, the press "had no First Amendment privilege against discovery of mental processes where the discovery was for the purpose of determining whether malice existed." *See Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 725 (5th Cir.), *opinion supplemented on denial of reh'g*, 628 F.2d 932 (5th Cir. 1980) (summarizing the

---

[23] *Id.*

19

holding of *Herbert*). Like in *Miller* and *Herbert*, here too "the privilege must yield." *Id.* The requests are important to Plaintiff's damages case.

Next, Defendants' First Amendment interests at stake here are significantly reduced without the same type of "state action which may have the effect of curtailing the freedom to associate." *NAACP*, 357 U.S. at 460–61; s*ee also Gueye v. Mike Bloomberg 2020 Inc.*, No. 4:20-CV-00487-BP, 2021 WL 3910341, at *2 (N.D. Tex. Mar. 12, 2021) ("The facts supporting Defendant's request for confidentiality are not as compelling as those at issue in *Perry* or in the Fifth Circuit case that cites *Perry* on the issue of the First Amendment privilege, *Whole Woman's Health.*"). Media Matters is not like the NAACP combatting state-enforced segregation, for whom "compelled disclosure of . . . membership is likely to affect adversely the ability of [the NAACP] and its members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate." *NAACP*, 357 U.S. at 462–63. When a party, like Plaintiff, requests documents to establish jurisdiction, the mens rea, and actual malice from a media organization, *Miller* and *Herbert* are strong indications that any First Amendment interests are reduced.

Plaintiff contends that the withheld documents may still be indicative of Defendants' efforts to solicit Texans generally or to support other journalistic endeavors, both of which may show Defendants purposefully availed themselves of a Texas forum. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 371 (2021) (finding personal jurisdiction where seller "extensively promoted, sold, and serviced" products in the forum state). Additionally, the information Plaintiff seeks is not available by means of an alternative source. While the Court has ruled that personal jurisdiction is proper based on the pleadings, Defendants maintain that personal jurisdiction and venue are improper.[24] Plaintiff continues to carry the burden of showing

---

[24] Defs.' Answer 16, ECF No. 92; Defs.' Mot Certify Immediate Appeal and Br. Supp., ECF Nos. 93–94.

jurisdiction throughout the lawsuit. Plaintiff cannot sufficiently establish the extent of Defendants' financial contacts with the state and forum without this information. Despite Defendants' claim that they did not solicit Texas donors for their "work related to X Corp.," donor and financial documents are still relevant and cause a minimal amount of harm to Defendants' associational rights.[25] Defendants cannot limit the relevance of Plaintiff's request by carefully wording affidavits narrower than the documents requested. Moreover, Defendants cannot say with certainty these documents do not show such purposeful availment given their "refusal to independently search" for the responsive documents. [26]

Finally, as to the tailoring of the requests, Plaintiff overcomes any final burden on Defendants' protected activities. While Plaintiff make a number of requests, the privilege objection is reduced because of the protective order already in place. The Supreme Court in *Bonta* explained that "assurances of confidentiality," like a protective order, "may reduce the burden of disclosure" if the procedures established by the parties and enforced by a court order can alleviate the potential chilling effect on associational rights. 594 U.S. at 616.

Unlike in *Bonta*, where the "promise of confidentiality 'rings hallow,'" the parties' assurances here are sound. *Id.* at n.* (quoting *Thomas More L. Ctr. v. Harris*, No. CV 15-3048-R, 2016 WL 6781090, *5 (C.D. Cal. Nov. 16, 2016)). The parties agreed on and have utilized the protective order allowing for the classification of documents as "Attorney's Eyes Only."[27] Defendants do not argue the protective order in place has been violated. Notably, any additional concerns about specific documents could be addressed by further "seek[ing] a protective order designating those documents as confidential." *Fla. State Conf. of Branches & Youth Units of*

---

[25] Defs.' App. Supp. Mot Dismiss Ex. C ¶ 4, ECF No. 42.

[26] Pl.'s App. 176, ECF No. 85 (email from A. Khanna dated July 30, 2024) (emphasis in original).

[27] Pl.'s Reply 7, ECF No. 91.

24-10900.2168

*NAACP v. Lee*, 568 F. Supp. 3d 1301, 1307 (S.D. Fla. 2021). Additionally, as a safeguard to protect Defendants' associational rights, Plaintiff must ask the Court before using any information beyond the "Attorney's Eyes Only" designation.

Insofar as the Court can analyze the factors, albeit handicapped by Defendants' failure to search for and log the claimed privileged documents, Plaintiff overcomes the First Amendment qualified privilege. Thus, Plaintiff has overcome any applicable First Amendment qualified privilege. Finally, finding that disclosure is warranted given the heightened relevance standard for overcoming the First Amendment privilege, Defendants' amended objections are overruled.

## IV.    CONCLUSION

Because Defendants have waived their qualified privilege, Plaintiff's Motion to Compel is **GRANTED**. Irrespective of waiver, Plaintiff overcomes the qualified First Amendment privilege. Accordingly, Defendants **SHALL** conduct the previously required search for documents responsive to RFPs 17, 18, 21, and 35 and **SHALL PROVIDE** all documents in its care, custody, or control responsive to RFPs 17, 18, 21, and 35 no later than **October 7, 2024.**

**SO ORDERED** on this **27th day** of **September, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

24-10900.2169