# STONE HILTON

December 23, 2025

*Via CM/ECF*

Mr. Lyle W. Cayce
United States Court of Appeals for the Fifth Circuit

    Re:    *X Corp. v. Media Matters for America, et al.*, **No. 24-10900;**
           *In re Media Matters for America, et al.*, **No. 25-10630**

Dear Mr. Cayce:

    Earlier this year, the Northern District of California enjoined one of X's subsidiaries from pursuing litigation against Media Matters in Ireland. Resp. Br. (No. 25-10630) at 9. Last week, the United States Court of Appeals for the Ninth Circuit unanimously vacated that injunction in its entirety. *Media Matters for Am., et al. v. X Corp., et al.*, No. 25-2463 (9th Cir. Dec. 19, 2025) (attached). Relevant here, the Ninth Circuit found that Media Matters waived its right to invoke the forum selection clause in X's 2023 terms of service—which Media Matters argued made the Irish litigation improper—"by actively litigating the Ireland case for over a year without raising" the clause. *Id.* at 3. As the court explained, "[w]aiver can be based on a party's litigation conduct," and "Media Matters had knowledge of X's terms of service from the beginning of the Ireland litigation (and cited them in its briefs for other jurisdictional defenses before the Irish court)." *Id.* at 4. But "instead of invoking the forum selection clause, Media Matters litigated in Ireland for over a year before it raised the issue for the first time in this action." *Id.*

    Media Matters' waiver in the California proceedings mirrors its waivers in this case. First, as the Texas district court correctly found—and Media Matters did not challenge in its mandamus petition—Media Matters waived its invocation of the very same forum selection clause in this litigation. The Ninth Circuit has now reached the same conclusion with respect to the Ireland litigation, confirming the Texas district court was correct. Second, and as this Court should affirm, Media Matters similarly waived its First Amendment objections to X's discovery requests by disobeying judicial orders and failing to properly lodge its objections. Resp. Br. (No. 24-10900) at 27 (citing ROA.2153-60). At bottom, the Ninth Circuit's decision recognizes Media Matters' pattern of dilatory litigation conduct that continues to afflict this litigation. This Court should not reward that pattern.



Sincerely,

*/s/ Judd E. Stone II*
Judd E. Stone II
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
judd@stonehilton.com
(737) 465-3897

CC: All Counsel of Record.