SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TEXAS 77002
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| | | |
|---|---|---|
| SUITE 1400 | SUITE 3000 | ONE MANHATTAN WEST |
| 1900 AVENUE OF THE STARS | 401 UNION STREET | NEW YORK, NEW YORK 10001-8602 |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 | (212) 336-8330 |
| (310) 789-3100 | (206) 516-3880 | |

JUSTIN A. NELSON
DIRECT DIAL (713) 653-7895

E-MAIL JNELSON@SUSMANGODFREY.COM

April 30, 2026

**VIA ECF**

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place, Suite 115
New Orleans, Louisiana 70130

Re:     *In re Media Matters of America, et al.,* No. 24-10900, Notice of
          Supplemental Authority

Dear Mr. Cayce:

Appellants respectfully submit the attached supplemental authority pursuant to
Rule 28(j).

On April 29, 2026, the Supreme Court issued a unanimous decision in *First Choice
Women's Resource Centers, Inc. v. Davenport*, No. 24-781 (U.S. Apr. 29, 2026)
(Gorsuch, J.), which confirms the principles underlying Appellants' arguments in
this appeal.

*Davenport* holds that official demands for private donor information cause a
present injury to First Amendment associational rights because such demands
"inevitabl[y]" deter the exercise of those rights "not just when a demand is
enforced, but when it is made and for as long as it remains outstanding." Slip op.
12. The Court reaffirmed that demands for donor information are repeatedly
subjected to heightened First Amendment scrutiny because of the central role
privacy plays in preserving protected association. Slip op. 6–10.

Mr. Lyle W. Cayce, Clerk of Court
April 30, 2026
Page 2

The Court also specifically rejected the argument that assurances of confidentiality eliminate the First Amendment injury. Demands for private donor information burden First Amendment rights "even if there is no disclosure to the general public." Slip op. 21–22 (quoting *Shelton v. Tucker*, 364 U.S. 479, 486 (1960)) (cleaned up). This holding forecloses X's argument that the parties' protective order "adequately address[es]" Media Matters's concerns, Resp. 54–55.

*Davenport* also recognized that demands for donor information cause ongoing, present injury to associational rights, thus confirming that such injuries are not effectively reviewable on post-judgment appeal. *See* Br. 22; Reply 6–7.

Sincerely,

*/s Justin A. Nelson*

Justin A. Nelson

*Counsel for Media Matters for America, Angelo Carusone, and Eric Hananoki*

cc: Counsel of Record