# STONE HILTON

May 5, 2026

***Via ECF***

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit

Re:   ***X Corp. v. Media Matters for America, et al.*, No. 24-10900; Response to Notice of Supplemental Authority**

Mr. Cayce:

We write in response to Appellants' Rule 28(j) letter regarding *First Choice Women's Resources Centers, Inc. v. Davenport*, No. 24-781 (S. Ct. Apr. 29, 2026). There, the Court held that a nonprofit organization had Article III standing to challenge a *state*-issued subpoena demanding information about the organization's donors. Slip Op. at 1, 13. Unlike this appeal, *First Choice* "present[ed] a narrow question" on standing, did not "decide the merits" of whether the subpoenaed documents ultimately should be disclosed, and did not address *private litigant*-issued subpoenas. *Id.* at 5.

*First Choice* reinforces Appellee's argument that the First Amendment requires state action, which is entirely absent here. Indeed, *First Choice* references official or government conduct over 25 times. Because "*governments* can infringe freedom of association in varied ways," *id.* at 7 (emphasis added), the Court rejected the *state's* argument that a protective order would suffice to cure the alleged chill of the *state's* subpoena on First Amendment rights. After all, even without public disclosure, "the pressure to avoid ties and speech which might displease officials demanding disclosure can be constant and heavy." *Id.* at 21 (cleaned up).

*First Choice* also notes that "official demand[s]" by "*[a] government*" risk a distinct associational chill. Slip Op. at 21 (emphasis added). As Appellee has demonstrated, the Supreme Court's precedents from *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), through *Americans for Prosperity Foundation v. Bonta*, 594 U. S. 595 (2021), hold that the First Amendment protects against actions *by governments*. Br. at 39-41. Or said another way, the Constitution establishes the rights of Americans vis-à-vis their government, not one another. *See* Br. at 43-47. *First Choice* confirms that notion, *see* Slip Op. at 6-10, and the *NAACP* and *Bonta* line of cases—including *First Choice*—do not apply to or address civil discovery requests between private parties. Br. at 40-41. Finally, the parties' existing protective order, ROA.1013-17, ensures that neither "government officials" *nor* "the general public" will have access to private donor



information, Slip Op. at 10 (cleaned up), so no government could ever leverage it for suppressive purposes.

Sincerely,

*/s/ Judd E. Stone II*

Judd E. Stone II
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
judd@stonehilton.com
(737) 465-3897

*Counsel for Appellee*